UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER BINKLEY-POWER,

    Plaintiff,                                              Case No.

v.                                                              Hon.

CONSUMERS ENERGY,

    Defendant.

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the complaint.

## COMPLAINT AND JURY DEMAND

Plaintiff, Jennifer Binkley-Power by and through her attorneys, HURWITZ LAW PLLC, hereby alleges as follows:

### INTRODUCTION

1. This is a civil action for money damages, liquidated damages, costs, attorneys' fees and other relief against Defendant Consumers Energy ("Defendant").

2. Plaintiff Jennifer Binkley-Power asserts claims of age discrimination in violation of Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* and Michigan's Elliott-Larsen Civil Rights Act (the "ELCRA), M.C.L. 37.2101, *et seq.*

1

## PARTIES AND JURISDICTION

3. Plaintiff Jennifer Binkley-Power ("Plaintiff") is an individual residing in East Lansing, Ingham County, Michigan.

4. Consumers Energy is an energy company headquartered in Jackson, Jackson County, Michigan.

5. This Court has jurisdiction over the claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq,* and supplemental jurisdiction over the claim under the Michigan's Elliott-Larsen Civil Rights Act (the "ELCRA"), M.C.L. 37.2101, *et seq.* pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(e), as it is the district in which Defendant resides.

7. Plaintiff filed charges of age discrimination with the Equal Employment Opportunity Commission on September 25, 2023, and received her right to sue letter on April 24, 2024.

## GENERAL ALLEGATIONS

8. Defendant is a for-profit utility company that provides electricity and natural gas for Michigan residents.

9. Plaintiff was hired by Defendant on March 17, 2014, and has received multiple subsequent promotions over her tenure at the company.

10. Plaintiff was well-respected in the workplace and admired for her experience.

11. Plaintiff functioned as a leader within her team and served as a mentor to other employees. Throughout her employment, she received consistently positive performance reviews.

12. Plaintiff had no prior history of discipline.

13. Plaintiff never received any formal or informal warnings.

14. Plaintiff was never placed on a performance improvement plan.

15. Plaintiff consistently received positive performance reviews.

**Plaintiff's Job Applications**

16. In April 2021, Plaintiff applied for multiple management positions within her department.

17. Plaintiff was well qualified for all positions she applied for, with over a decade of relevant experience working for Defendant.

18. Plaintiff was invited to interview for the positions; however, the company did not move forward with her applications to any of the positions.

19. Defendant ultimately hired younger, less experienced employees or older employees who had been demoted, to fill the managerial roles to which Plaintiff had applied. Only one of the successful candidates had previously worked in Plaintiff's department.

20. Plaintiff remained in her existing position and continued to work diligently for Defendant.

21. In December 2021, Plaintiff applied for a position outside of her department but working under the same manager. This role required extensive experience and knowledge of Plaintiff's department.

22. Defendant ultimately hired a younger man who had never worked within the Company at all and had no experience of Plaintiff's department. When Plaintiff asked for feedback on her application, the hiring manager complimented Plaintiff's experiences and provided no criticism.

**Plaintiff's Performance Reviews**

23. In April 2022, Plaintiff received a monetary bonus from Defendant after Plaintiff's manager, Allison Reis, described her work as "going above and beyond job duties."

24. In June 2022, Plaintiff received a negative performance review from Ms. Reis during her mid-year check in session.

25. Instead of focusing on Plaintiff's accomplishments or areas for improvement relating to her job function, Plaintiff's performance review focused solely on her personality and attitude.

26. It was noted in the review that Plaintiff discussed her perceived attitude issues with Ms. Reis and her manager was "confident the plan will set her up for success in 2023."

27. In or about January 2023, Plaintiff received her performance review for 2022.

28. Plaintiff's review noted a number of specific targets that Plaintiff was rated as either "On Target" or "Complete."

29. Plaintiff's review included comments from her manager which repeatedly praised her work and described her as having a "deep understanding… and expertise" and "wealth of Knowledge."

30. Additionally, the performance review described Plaintiff as contributing "significantly to the residential portfolio's success."

31. The only suggested area of improvement highlighted in her review was that Plaintiff should "smile more" during virtual meetings and had nothing to do with her work performance.

32. Despite Defendant's consistent praise for Plaintiff's work, Plaintiff was assigned the performance category of "Needs Improvement" for her 2022 performance review.

4

33. Plaintiff immediately disputed her review with Defendant's Human Resources Department. Plaintiff expressed that she felt that she was being discriminated against on the basis of age and was often referred to as a "legacy employee" within her department.

34. Defendant's Human Resources Representative, Carla Owens, did not address Plaintiffs concerns about her performance rating or discrimination, but instead also suggested that Plaintiff should "smile more."

35. In February 2023, Plaintiff filed a complaint with Defendant's Compliance Department and asked for her performance review to be investigated.

**Plaintiff's Termination**

36. In April 2023, Defendant began company-wide layoffs, terminating individuals with the performance review categories of "Needs Improvement" and lower.

37. Plaintiff's employment was suddenly at risk despite years of excellent performance reviews and consistent promotions.

38. Plaintiff was terminated by Defendant on April 10, 2023.

39. At the time of her termination, Plaintiff had already addressed all opportunities for improvement highlighted in her performance review with her manager.

40. In January 2024, Plaintiff's 55-year old colleague ceased working for Defendant. Defendant attempted to coerce this colleague into declaring that she was retiring, though the colleague refused. Defendant nevertheless declared that this colleague had retired.

41. On knowledge and belief, Plaintiff is aware that after her colleague ceased working for Defendant, her colleague's manager stated, "So how many of them are left?", referring to employees Defendant deemed to be too old.

## COUNT I
## VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")
## (DISPARATE TREATMENT BASED ON AGE)

42. Plaintiff incorporates the foregoing paragraphs by reference herein.

43. Pursuant to the Age Discrimination in Employment Act ("ADEA"), Plaintiff is a member of a "protected class" because she was 40 years old at the time of her termination.

44. Plaintiff met or exceeded Defendant's legitimate job expectations during her employment.

45. Defendant took one or more adverse actions against Plaintiff because of her age, including subjecting Plaintiff to different and less favorable terms and conditions of employment than employees who were younger, and then terminating Plaintiff without any justification after she had been an exemplary employee for many years.

46. Defendant treated similarly situated younger employees more favorably than they treated Plaintiff.

47. Defendant's discriminatory conduct was intentional.

48. Defendant's conduct was done with malice or reckless indifference to Plaintiff's rights under federal law.

49. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on age on June 30, 2022.

50. Plaintiff was damaged by Defendant's discriminatory conduct in violation of the ADEA. Her damages include, but are not limited to, her lost wages, damage to her career, lost benefits, future pecuniary losses, inconvenience, emotional and psychological harm, and other harm.

## COUNT II
## DISCRIMINATION IN VIOLATION OF THE ELCRA
## (DISPARATE TREATMENT BASED ON AGE)

51. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

52. Defendant employed Plaintiff within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L. 37.2010, *et seq*.

53. Defendant is an employer within the meaning of the ELCRA, M.C.L. 37.2101, *et seq*.

54. The ELCRA prohibits, among other things, discrimination based upon age.

55. Plaintiff was over forty (40) years of age at the time of her termination.

56. Plaintiff was qualified for her respective position.

57. Plaintiff was qualified for all positions that she applied for.

58. Plaintiff was held to different standards than her coworkers based on her age.

59. Plaintiff suffered adverse action, including termination, while younger employers were retained.

60. Defendant's conduct was willful.

61. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff was harmed, and continues to be harmed, in that he has suffered economic and non-economic loss, including but not limited to: lost wages, damages to professional reputation, emotional distress, outrage, humiliation, indignity and disappointment.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff claims as follows:

A. Judgment against Defendant in the amount of Plaintiff's unpaid back pay, front pay, compensatory damages, emotional distress, punitive damages, and attorney fees under the ELCRA and ADEA;

B. Interest;

C. Compensatory damages, including front pay and back pay;

D. All further relief as the Court deems just and equitable.

Respectfully submitted
HURWITZ LAW PLLC

*/s/ Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Attorney for Plaintiffs
340 Beakes St. Ste. 125
Ann Arbor, MI 48104
(844) 487-9489

Dated: June 13, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER BINKLEY-POWER,

    Plaintiff,

v.

CONSUMERS ENERGY,

    Defendant.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
Noah@hurwitzlaw.com

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff Jennifer Binkley-Power, by and through her attorneys, HURWITZ LAW PLLC, hereby demand a jury trial in the above-captioned matter for all issues so triable.

    Respectfully submitted
    HURWITZ LAW PLLC

    */s/ Noah S. Hurwitz*
    Noah S. Hurwitz (P74063)
    Attorney for Plaintiffs
    340 Beakes St. Ste. 125
    Ann Arbor, MI 48104
    (844) 487-9489

Dated: June 13, 2024